UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Keith Adger Smyth, | ) | Civil Action No.: 0:18-cv-01443-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Alan Wilson, J. Derham Cole, and | ) | |
| Anthony C. Leibert, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).[1] *See* ECF No. 11. The Magistrate Judge recommends summarily dismissing Plaintiff's pro se complaint without prejudice. *Id.* at pp. 1, 5.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and she reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

Plaintiff has not filed objections to the R & R, and the time for doing so has expired.[2] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error and therefore adopts the Magistrate Judge's R & R [ECF No. 11] as modified herein.[3] Accordingly, the Court **DISMISSES** Plaintiff's complaint *without prejudice and without issuance and service of process* and

---

[2] Plaintiff's objections were due by July 30, 2018. *See* ECF Nos. 11 & 12. Plaintiff did file a motion to stay within the time for filing objections, *see* ECF No. 13, but this document does not contain any specific objections to the R & R. Moreover, this motion to stay does not request additional time to file objections. As noted above, the Court need only review the R & R for clear error in the absence of a specific objection. *See Diamond*, *infra*. Moreover, the Court notes Plaintiff requested two § 1983 complaint forms (via his motion to stay), and the Clerk accordingly mailed him those forms. *See* ECF Nos. 13 & 14.

[3] The Court finds Plaintiff's claims fail not only for the reasons set forth in the R & R but also for a simple reason not discussed in the R & R—they are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars Plaintiff's claims because success on them would necessarily imply the invalidity of his criminal convictions, which have not been overturned or otherwise called into question. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (explaining that under *Heck* and related cases, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (extending *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement); *Young v. Nickols*, 413 F.3d 416, 417 (4th Cir. 2005) ("*Heck* . . . bars a prisoner's § 1983 claim if the relief sought necessarily implies the invalidity of his criminal judgment."). Under *Heck* and its progeny, the Court cannot grant Plaintiff the relief he seeks. *See, e.g.*, *Green v. Horry Cty.*, No. 4:17-CV-01304-RBH, 2017 WL 4324843, at *1 (D.S.C. Sept. 29, 2017) (applying *Heck* for similar reasons), *aff'd*, 709 F. App'x 215 (4th Cir. 2018). Accordingly, the Court modifies the R & R to reflect this additional reason for dismissal.

2

**DENIES AS MOOT** his motion to stay [ECF No. 13].[4]

    **IT IS SO ORDERED.**

Florence, South Carolina             <u>s/ R. Bryan Harwell</u>
August 10, 2018                   R. Bryan Harwell
                                                    United States District Judge

---

[4]     In the Court's view, Plaintiff cannot cure the defects in his complaint by mere amendment, *see Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015), and therefore the Court declines to automatically give him leave to amend.